UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD BAUER<br>1257 Laura Lane<br>Mason, Ohio 45040<br><br>on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>TRANSTAR INDUSTRIES, INC.<br>7350 Young Drive<br>Walton Hills, Ohio 44146<br><br>Statutory Agent:<br><br>    CSC-Lawyers Incorporating Service<br>    50 W. Broad St Suite 1800<br>    Columbus, OH 43215<br><br>      Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Donald Bauer, by and through counsel, and for a Complaint against Defendant Transtar Industries, Inc. ("Defendant" or "Transtar"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practice and policy of misclassifying Plaintiff and other similarly-situated employees as "exempt" employees, and not paying them overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because its principal place of business is located within this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a resident of Warren County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendant was a corporation organized under the laws of the State of Ohio, maintains its principal place of business in Walton Hills, Ohio and transacted business throughout the United States.

7. Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS
**(Failure to Pay Overtime Compensation)**

12. Defendant Transtar distributes transmission-related products, automotive specialty repair and refinishing products, and high performance parts and accessories.

13. Plaintiff was employed by Defendant between September 1977 and November 2014.

14. Between December 15, 2012 and November 2014, Plaintiff was employed as a sales representative in Springdale, Ohio.

15. Other similarly-situated employees were employed by Defendant as sales representatives at Defendant's various locations throughout the country.

16. Plaintiff and other sales representatives were classified by Defendant as "exempt" from the FLSA's overtime requirements, and were paid a commission and/or a salary wage.

17. However, as sales representatives, Plaintiff and other similarly-situated sales representatives' job duties were performing inside sales work.

18. Plaintiff and other similarly-situated sales representatives were not customarily and regularly engaged away from Transtar's place of business.

19. Plaintiff and other similarly-situated sales representatives worked over 40 hours per week and were not paid any overtime compensation for the hours they worked over 40 each workweek.

20. Plaintiff Donald Bauer estimates that he worked at least 50 hours per week on average between December 15, 2012 and November 2014, and was not paid any overtime compensation.

**(Failure to Keep Accurate Records)**

21. Upon information and belief, Defendant failed to make, keep and preserve records

3

of the required and unpaid overtime work performed by Plaintiff and other similarly-situated sales representatives.

**(Defendant Willfully Violated the FLSA)**

22. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

24. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former sales representatives who were employed by Defendant in the United States between December 15, 2012 and the present and were not paid overtime compensation for the hours they worked over 40 each workweek.

25. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 100 persons.

26. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

27. These similarly-situated employees are known to Defendant and are readily

identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Defendant's practice and policy of not paying Plaintiff and other similarly-situated sales representatives overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

30. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated sales representatives violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

31. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

32. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated sales representatives have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the class under the FLSA;

E. Award Plaintiff and the class he represent pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
David J. Steiner (0075217)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
david@lazzarolawfirm.com
chastity@lazzarolawfirm.com
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Chastity L. Christy
One of the Attorneys for Plaintiff