**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Donald Bauer, et al.,** ) | **CASE NO. 1:15 CV 2602** |
| ) | |
| Plaintiffs, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| **Transtar Industries, Inc.,** ) | **Memorandum of Opinion and Order** |
| ) | |
| Defendants. ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (Doc. 10). This case arises under the Fair Labor Standards Act ("FLSA"). For the reasons that follow, plaintiff's motion is GRANTED as set forth herein.

**FACTS**

Plaintiff, Donald Bauer, filed this lawsuit on behalf of himself and all other similarly situated individuals against defendant Transtar Industries, Inc. Transtar is a distributor of transmission-related products, automotive specialty repair and refinishing products, and high performance parts and accessories. (Compl. ¶ 12). Plaintiff was an employee of Transtar from September of 1977 to November of 2014. He worked as a sales representative for Transtar in

Springdale, Ohio, between December 15, 2012 and November of 2014. (*Id.* at ¶ 14).

According to the complaint, plaintiff and other sales representatives were classified by Transtar as "exempt" from the FLSA's overtime requirements and were paid a commission and/or a salary wage. (*Id.* at ¶ 16). Plaintiff and other similarly-situated sales representatives' job duties included "performing inside sales work." (*Id.* at ¶ 17). Plaintiff further alleges that he and other sales representatives "were not customarily and regularly engaged away from Transtar's place of business." (*Id.* at ¶ 18). Plaintiff claims that he and other sales representatives worked over 40 hours per week but were not paid overtime compensation for the additional hours. (*Id.* at ¶ 19).

In addition to his complaint, plaintiff has submitted his own declaration as well as those of two opt-in plaintiffs. Plaintiff's declaration includes the same facts as those alleged in his complaint. It also states that his supervisors and managers were aware that he regularly worked over 40 hours per week and that he observed other employees working over 40 hours per week without being paid overtime compensation. Opt-in plaintiff James Fields submitted a declaration stating that he was employed as a Transtar sales representative in Cincinnati, Ohio. Like plaintiff, he states that his job duties were to perform inside sales work, that he was not regularly engaged away from Transtar's place of business, that he was paid a commission plus a salary, and that he regularly worked over 40 hours per week but was not paid any overtime compensation for these hours. He also states that he "observed that Transtar did this to other employees, and I believe I am similarly-situated to these other employees." Opt-in plaintiff Jacob Clarkson, who worked as a sales representative in Van Nuys and San Diego, California, submitted an identical declaration.

Plaintiff moves to conditionally certify a class consisting of:

> All current and former sales representatives who were employed by Defendant in the United States between December 15, 2012 and the present and were not paid overtime compensation for the hours they worked over 40 each workweek.

Transtar opposes the motion.

### **ANALYSIS**

A. Conditional certification

An employee may sue for violations of the FLSA on his or her own behalf and as a representative plaintiff on behalf of similarly situated employees. 29 U.S.C. § 216(b). The similarly situated employees must opt-in by "giv[ing] [their] consent in writing to become such ... part[ies] and such consent [must be] filed in the court in which such action is brought." *Id.* This type of suit is called a "collective action." A district court may, in its discretion, facilitate notice of the collective action to potential opt-in plaintiffs to efficiently adjudicate the FLSA collective action. *See Hoffman-La Rouche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Before deciding whether an action may proceed as a collective action, a court must determine whether the prospective opt-in plaintiffs are similarly situated. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006) (internal citations omitted). Courts generally use a two-stage approach to determine this issue. *Id. See also, Monroe v. FTS USA, LLC*, 257 F.R.D. 634, 637 (W.D. Tenn. 2009); *Murton v. Measurecomp, LLC*, No. 1:07CV3127, 2008 U.S. Dist. LEXIS 108060, at *6-7, 2008 WL 5725631 (N.D. Ohio June 9, 2008).  In the first stage, which takes place at the beginning of discovery, courts require only a "modest factual showing" that the plaintiff's position is similar to that of other employees. *Comer*, 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). This is a "fairly

lenient" standard and "typically results in 'conditional certification' of a representative class.'" *Id.* at 547. At the notice stage, a district court does not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (N.D. Ohio 2011) (citations omitted).

During the second stage, the court makes a final determination on whether opt-in class members are similarly situated based upon a thorough review of the record after discovery is completed. *Schwab v. Bernard*, No. 5:11-cv-1216, 2012 WL 1067074 (N.D. Ohio March 28, 2012). This final certification decision is normally based on a variety of factors, including "factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (citations omitted).

This case is at the initial stage of the certification process. Transtar argues that the court should not conditionally certify a class because plaintiffs have not produced a modest factual showing that they are similarly situated to the nationwide group of employees that they seek to represent. According to Transtar, "[t]he vague, conclusory statements in the three declarations submitted to support this Motion lack any evidence about the specific job duties unifying the proposed class, any overarching compensation structure, or any applicable rule, policy, or practice that could tie together a collective action." (Def.'s Br. at 7).

Further, Transtar has produced evidence regarding its organizational structure and the "sales representative" position. Specifically, Transtar was divided into four regions at the relevant time period, and had a decentralized organizational and management structure. Many of

4

its employees performed various sales functions. Transtar titles most sales employees "sales representatives," but this broad category is divided into outside sales representatives, counter sales representatives, route sales representatives, inside sales representatives, and international sales representatives. According to Transtar, each of these positions has differing responsibilities as well as pay structure.[1] Route sales representatives, for example, drive semi-trucks along predetermined routes and directly sell automotive products out of their trucks to Transtar customers at the customers' place of business. Route sales representatives were generally scheduled one week on followed by one week off. Some sales employees are paid hourly, some on a salary plus commission basis, some on a straight salary basis, and some on a nearly pure commission basis. (Hector Decl. ¶¶ 4-10).

Transtar claims that the different situations of the three plaintiffs in this case show the case is not appropriate for conditional certification. Lead-plaintiff Bauer and opt-in plaintiff Fields were both inside sales representatives in the Northeast Region and compensated on the Inside Sales Representative Compensation Plan, which provides for a fixed salary of $455 a week with eligibility for additional commission payments on top of that fixed salary. Opt-in plaintiff Clarkson, however, worked in El Cajon, California, and was not on the Commission Plan.[2] Rather, he was a salaried employee with a base pay rate of $52,000 per year with some small additional incentive commission payouts. Transtar does not state what type of sales

---

[1] Transtar submitted a job description for a "sales representative" that it states relates to the sales representative role performed by Bauer and Fields. It did not submit job descriptions for any other type of sales representatives at the company.

[2] Transtar does not state whether the Commission Plan is the same as the Inside Sales Representative Compensation Plan.

representative Clarkson was or what his job responsibilities were.

On review, the Court finds that plaintiffs have done enough to meet the modest factual showing required at the initial stage for certification of a conditional class of inside sales representatives. Although plaintiff's allegations and declarations are quite bare-bones, especially regarding their job duties, they have done enough to meet the low threshold for showing that they are similarly situated to other inside sales representatives. Specifically, they each aver that they performed inside sales work, that they were not customarily away from Transtar's place of business, that they regularly worked over 40 hours per week, that they were paid a commission and/or salary wage, and that they were not paid overtime. While there may have been some differences in pay structure between the inside sales representatives, the Sixth Circuit has recognized that plaintiffs are similarly situated if they can show that "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are individualized and distinct." *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated in part on other grounds*, *Consumer Campbell Ewald Co. v. Gomez*, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016). Here, plaintiffs have identified a common theory of Transtar's statutory violations: Transtar's "practice and policy of not paying Plaintiff and other similarly-situated sales representatives overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek." (Am. Compl. ¶ 29).

But plaintiffs have produced no evidence–or even allegations–from which the court can infer that their job duties are sufficiently similar to the other non-inside types of sales representatives that Transtar employs to include them in the conditional class. Moreover,

Transstar submitted evidence showing that inside sales representatives' duties are different from the duties of other types of sales representatives. For example, while plaintiffs each performed inside sales work and were not customarily away from Transtar's place of business, route sales representatives performed nearly all of their work away from Transtar's place of business. Thus, the Court finds no basis for including any types of sales representatives other than inside sales representatives in the conditional class.

Transtar also argues that if the Court certifies a conditional class, it should limit notice to employees who were paid under the same compensation plan and reported in the same region (the Northeast Region) as plaintiffs Bauer and Fields. As just noted, Transtar submitted evidence showing that the duties of its sales representatives differed based on their classification, but it has produced no evidence showing that job duties differed depending on a sales representative's region. Nor has Transtar persuasively explained why slight differences in compensation experiences between inside sales representatives is enough to preclude a finding that they are sufficiently similarly situated to certify a conditional class.[3]

For these reasons, the Court grants conditional certification of the following proposed collective action:

> All current and former inside sales representatives employed by Defendant in the United States between December 15, 2012 and the present and who were paid a commission and/or a salary wage and were not paid overtime compensation for the hours they worked over 40 each workweek.

B. <u>Opt-in discovery and court-supervised notice to potential opt-in plaintiffs</u>

Plaintiffs also move for expedited discovery of potential opt-in plaintiffs and for court

---

[3] Plaintiffs concede that the class should not include sales representatives who were paid on an hourly basis.

supervised notice to potential opt-in plaintiffs. Transtar does not object to plaintiffs' request for discovery. Thus, this Court orders Transtar, within 15 days of this Order, to answer plaintiffs' expedited opt-in discovery. Transtar must provide to plaintiffs a list containing the name, last known home address (including zip code), last known telephone number, and employment dates of all current and former inside sales representatives employed by Transtar in the United States between December 15, 2012 and the present and who were paid a commission and/or a salary wage and were not paid overtime compensation for the hours they worked over 40 each workweek.

The Court further orders the parties, within 10 days of this Order, to submit to the Court proposed language for notification and consent forms to be issued by the Court apprising potential plaintiffs of their rights under the FLSA to opt in as parties to this litigation. In drafting the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

### **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (Doc. 10) is GRANTED as set forth herein.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan  
       PATRICIA A. GAUGHAN  
       United States District Judge

Dated: 4/11/16